# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, As Trustee for Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Pass-Through Certificates, Series 2005-8, its assignees and/or successors,<br><br>Plaintiff,<br><br>v.<br><br>SALEM SOMO and DOES 1-10, Inclusive,<br><br>Defendant. | Case No.: 19cv1938 AJB BLM<br><br>**ORDER:**<br><br>**SUA SPONTE REMANDING THE CASE BACK TO SAN DIEGO SUPERIOR COURT** |

Defendant Salem Somo ("Defendant") removed this unlawful detainer case to federal court. (Doc. No. 1.) Although no motion to remand has been filed, the Court has a continuous duty to evaluate its jurisdiction over cases. Fed. R. Civ. P. 12(g)(3). Thus, for the reasons herein, the Court **REMANDS** this action back to San Diego Superior Court.

## I. DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. §1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1

1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). Moreover, there is a strong presumption against removal jurisdiction. Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Although Plaintiffs have not moved the Court to remand, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Defendant's Notice of Removal asserts this Court has jurisdiction under 28 U.S.C. § 1331, 1441(a) and 1446. (Doc. No. 1 at 1.) Specifically, Defendant argues Plaintiff "expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009.'" For the reasons explained below, the Court does not have federal question jurisdiction nor diversity jurisdiction over this action.

First, there is no federal question because the unlawful detainer complaint only invokes California law. (*See* Doc. No. 1 at 6-7.) Generally, "[f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). The complaint filed in state court solely concerns unlawful detainer under California law and does not even reference a federal statute as Defendant suggests. *See Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim

2

19cv1938 AJB BLM

for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *see also Sage Home Mortg., LLC v. Roohan*, No.: 17-cv-1409-AJB-JMA, 2017 U.S. Dist. LEXIS 118119, at * (S.D. Cal. July 27, 2017) (same). Accordingly, federal question jurisdiction does not exist.

Diversity jurisdiction also fails to provide this Court with jurisdiction as Plaintiffs' principal place of business is California and Defendant resides in California. Moreover, the amount in controversy in the complaint does not exceed the statutory minimum of $75,000 required to invoke diversity jurisdiction. "In unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing, L.P. v. Villegas*, No. C 10–05478 PJH, 2011 WL 204322, *2 (N.D. Cal. Jan. 21, 2011). Here, the state court complaint states the "amount demanded does not exceed $10,000." (Doc. No. 1 at 5.) Thus, the total amount of damages is well below the $75,000 statutory minimum for diversity jurisdiction.

## II.  CONCLUSION

Because Defendant cannot establish federal jurisdiction or diversity jurisdiction, removal was improper. The Court, *sua sponte*, **REMANDS** this case back to the San Diego Superior Court for lack of subject matter jurisdiction. The Court Clerk is **ORDERED** to then close the case.

**IT IS SO ORDERED.**

Dated:  October 16, 2019

Hon. Anthony J. Battaglia
United States District Judge